IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICHARD LYNN NORTON, )
)
    Plaintiff, )
)
VS. ) No. 13-1312-JDT-egb
)
SAMANTHA PHILLIPS, ET AL., )
)
    Defendants. )

ORDER TO MODIFY THE DOCKET,
DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL
AND GRANTING DEFENDANT CORIZON'S MOTION TO DISMISS

On November 21, 2013, Plaintiff Richard Lynn Norton, who was, at the time, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the Circuit Court for Lake County, Tennessee. (ECF No. 1-1 at 1-7.) Plaintiff filed amendments to his complaint in the state court on September 26, 2013 (*id.* at 8-9), and October 7, 2013 (*id.* at 10-13). Two of the Defendants removed the case to this Court on November 21, 2013. (ECF No. 1.) On April 28, 2014, the Court issued an order that, *inter alia*, dismissed portions of the complaint, directed that Defendant Corizon, Inc. ("Corizon") be served with process, and directed that a subpoena be issued for Corizon requiring it to provide the last known home address and telephone numbers of the remaining individual Defendants, physicians John Hochberg (whose name is misspelled in the complaint as Horhberg),[1] Glen Babich, and William Conway, and dentist Dr. Stetzel (mis-identified in the second amended complaint as

---

[1] The Clerk is DIRECTED to modify the docket to reflect the correct spelling of this Defendant's last name.

Dezell). (ECF No. 3.) The Court further directed the Clerk, upon receipt of that information, to issue process for those individual Defendants and deliver it to the U.S. Marshal for personal service. (*Id.* at 15-16.) On July 29, 2014, Plaintiff notified the Clerk that he had been released from prison and provided his new address. (ECF No. 27.)

On July 1, 2014, and again on November 10, 2014, Plaintiff filed motions for appointment of counsel. (ECF Nos. 24 & 40.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks & citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks & citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[2]

---

[2] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its burden to appoint counsel in this case. Nothing in Plaintiff's submission distinguishes this case from numerous other cases that are litigated by *pro se* litigants without the assistance of counsel. The motions for appointment of counsel are DENIED.

Corizon was duly served with process and filed a motion to dismiss on July 31, 2014. (ECF No. 29.) Plaintiff did not respond to the motion or seek an extension of time in which to do so. In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. However, the district court also may consider orders, matters of public record, and documents referred to in the complaint and attached as exhibits. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (citing *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014)).

In his complaint and the amendments thereto, Plaintiff alleges that he suffers from a number of serious medical and dental conditions that required treatment while he was incarcerated at the

3

NWCX. The claims currently pending are claims for failing to provide adequate treatment, arising under the Eighth Amendment.

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). However, Corizon argues that Plaintiff has failed to state a claim against it because the complaint does not contain sufficient factual allegations demonstrating how it was specifically involved in his medical care. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The only allegations made against Corizon are that Plaintiff "was denied Nuerotin order by Dr. [Hochberg] by his medical provider Glen Babich and Corizon . . . . Further will not approve [Plaintiff] for surgery, spinal steroid injections [and] adequate medications as ordered by the plaintiffs' [sic] Neurology's [sic]. Defendants' [sic] [Hochberg] and his Health provider Glen Babich and Corizon." (ECF No. 1-1 at PageID 10-11.) These allegations do not adequately describe the specific actions taken by Corizon apart from Defendants Hochberg and Babich.

Furthermore, even if Babich and/or Hochberg were employed by Corizon, Corizon "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, the Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of*

*Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  To prevail on a § 1983 claim against Corizon, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights.  *Id.*; *see also Bruederle v. Louisville Metro Gov't,* 687 F.3d 771, 777 (6th Cir. 2012) (same), *cert. denied,* 133 S. Ct. 866 (2013).  Plaintiff does not sufficiently allege that he suffered any injury because of an unconstitutional policy or custom of Corizon.

For these reasons, Corizon's motion to dismiss is GRANTED.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE